IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHARISSE J. FILUS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| JUDGE GAIL A. WEILHEIMER | : | NO.   26-1652 |

## ORDER-MEMORANDUM

**AND NOW**, this 11th day of June, 2026, upon consideration of the "Motion to Dismiss Claims Against the United States and Official-Capacity Claims Against Defendant Judge" (Docket No. 16), the Motion is **GRANTED** as follows:

1.      The Motion is **GRANTED** pursuant to Federal Rule of Civil Procedure 12(b)(1) with respect to the constitutional tort damages claims asserted against Defendant Judge Gail A. Weilheimer in her official capacity and those claims are **DISMISSED WITH PREJUDICE**;

2.      The Motion is **GRANTED** pursuant to Rule 12(b)(6) with respect to the claims for equitable and declaratory relief asserted against Judge Weilheimer in her official capacity and those claims are **DISMISSED** without prejudice to Plaintiff seeking appropriate relief on appeal from Sharisse Juanita Filus v. Fidelity Investments, Inc., et al., Civ. A. No. 25-3176 (E.D. Pa.) (the "Fidelity Action").

## I.      BACKGROUND

Plaintiff has sued the Honorable Gail A. Weilheimr (the "Judge") in both her personal and official capacities in connection with the Judge's actions as the presiding judge over the Fidelity Action.  The Amended Complaint asserts that the Judge acted improperly in the Fidelity Action by sua sponte ordering plaintiff to produce a copy of a trust instrument at issue in that case; refusing to rule on Plaintiff's protective orders, objections, and dispositive motions; and requiring Plaintiff to obtain counsel because she sought to represent the interests of the trust pro se.  Plaintiff asserts

that her First Amendment, due process, equal protection, privacy, and property rights were violated and asserts her claims against the Judge pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), which allows individuals to bring "action[s] for damages against federal officers alleged to have violated a citizen's constitutional rights." <u>Corr. Servs. Corp. v. Malesko</u>, 534 U.S. 61, 66 (2001). She seeks compensatory and punitive damages, a declaration that her rights were violated, injunctive relief, and a disciplinary referral.

The United States, which represents the Judge in this case, has moved to dismiss the claims asserted against the Judge in her official capacity pursuant to Federal Rule of Civil Procedure 12(b)(1) on the ground that this Court lacks subject matter jurisdiction over those claims. The Government first argues that sovereign immunity bars Plaintiff's constitutional tort damages claims that are asserted against the Judge in her official capacity. The Government also argues that Plaintiff's official-capacity claims for equitable and/or declaratory relief against the Judge should be dismissed because those claims amount to a collateral attack on the Judge's decisions in the Fidelity Action and are thus barred by absolute judicial immunity. The Government asks us to dismiss the official-capacity claims for injunctive and declaratory relief without prejudice to Plaintiff's ability to seek available and appropriate relief in the Fidelity Action.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "A challenge to subject matter jurisdiction under Rule 12(b)(1) may be either a facial or a factual attack." <u>Davis v. Wells Fargo</u>, 824 F.3d 333, 346 (3d Cir. 2016). A facial attack does not "disput[e] the facts alleged in the complaint." <u>Id.</u> The instant Motion to Dismiss does not dispute the facts alleged in the Amended Complaint and is therefore a facial attack on this Court's subject matter jurisdiction. "In reviewing a facial attack,

'the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff.'" Const. Party of Pa. v. Aichele, 757 F.3d 347, 358 (3d Cir. 2014) (quoting In re Schering Plough Corp. Intron, 678 F.3d 235, 243 (3d Cir. 2012)). "Thus, a facial attack calls for a district court to apply the same standard of review it would use in considering a motion to dismiss under Rule 12(b)(6), *i.e.*, construing the alleged facts in favor of the nonmoving party." Id. (citing In re Schering Plough Corp., 678 F.3d at 243). Since Plaintiff is proceeding pro se, we construe the Amended Complaint "liberally and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'" Kalu v. Spaulding, 113 F.4th 311, 325 (3d Cir. 2024) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Durham v. Kelley, 82 F.4th 217, 223 (3d Cir. 2023)).

## III.    DISCUSSION

### A.    Plaintiff's Claims for Damages

Sovereign immunity shields federal officials sued in their official capacities to the extent that a plaintiff seeks monetary damages. Ezeani v. Jimenez, No. 22-3182, 2023 WL 3244577, at *1 (3d Cir. May 4, 2023) (citing Treasurer of N.J. v. U.S. Dep't of Treasury, 684 F.3d 382, 395 (3d Cir. 2012); Clark v. Libr. of Cong., 750 F.2d 89, 103 (D.C. Cir. 1984)); see also Clark, 750 F.2d at 103 (stating that "[s]overeign immunity . . . bar[s] suits for money damages against officials in their *official* capacity absent a specific waiver by the government" (citation omitted)). Claims brought against the Judge in her official capacity "are in essence claims against the United States." Martinez v. United States, Civ. A. No. 20-1891, 2020 WL 1910256, at *6 (E.D. Pa. Apr. 20, 2020). "Without a waiver of sovereign immunity, a court is without subject matter jurisdiction over claims against federal agencies or officials in their official capacities." Treasurer of N. J., 684 F.3d at 395 (citing United States v. Mitchell, 445 U.S. 535, 538 (1980)). "A waiver of sovereign immunity

3

must be express and unambiguous to confer subject matter jurisdiction on a court." Id. at 396 (citing United States v. Bein, 214 F.3d 408, 412 (3d Cir. 2000)). Plaintiff has asserted no claims against the Judge for which the United States has waived its sovereign immunity. Thus, sovereign immunity applies to shield the Judge from claims for monetary damages that are brought against her in her official capacity. See Martinez, 2020 WL 1910256, at *6 (dismissing, with prejudice, Bivens claims asserted against four federal judges in their official capacities based on sovereign immunity). We thus conclude that we lack subject matter jurisdiction over Plaintiff's claims for monetary damages that are brought against the Judge in her official capacity and we dismiss those claims with prejudice pursuant to Rule 12(b)(1).

The Government also asks that we dismiss these claims against the United States. However, while official capacity claims against a federal official "are in essence claims against the United States," Martinez, 2020 WL 1910256, at *6, the Amended Complaint does not specifically assert any claims against the United States and does not name the United States as a Defendant to this action. We therefore cannot dismiss claims against the United States, because it is not a party to this action and no claims have been explicitly brought against it.

B.      Plaintiff's Claims for Injunctive and Declaratory Relief

The Government asks us to dismiss Plaintiff's claims for injunctive and declaratory relief against the Judge in her official capacity pursuant to Rule 12(b)(1) because the Judge is entitled to absolute judicial immunity with respect to those claims. See Azubuko v. Royal, 443 F.3d 302, 304 (3d Cir. 2006) (per curiam) (determining that claims for injunctive relief brought against a federal judge were barred by a 1996 amendment to 42 U.S.C. § 1983, which "provide[s] that 'injunctive relief shall not be granted' in an action brought against 'a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or

4

declaratory relief was unavailable'" (second alteration in original) (citations omitted)).  However, while a judge's sovereign immunity defense "is properly considered 'a motion to dismiss the complaint for lack of subject matter jurisdiction under Rule 12(b)(1),'" a judge's "assertion of absolute judicial immunity, by contrast, 'should be considered as a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.'"  Francis v. Smith, Civ. A. No. 23-4063, 2025 WL 675437, at *2 (E.D. Pa. Mar. 3, 2025) (first quoting Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 693 n.2 (3d Cir. 1996); then quoting Harr v. Buczak, Civ. A. No. 21-1555, 2024 WL 4064139, at *7 (W.D. Pa. Sept. 5, 2024)); see also Constantine v. N. J. Dep't of Banking & Ins., No. 23-2423, 2024 WL 1988829, at *5 (3d Cir. May 6, 2024) (stating that "while the Court dismissed [Section 1983 claims against individuals entitled to quasi-judicial immunity] under Federal Rule of Civil Procedure 12(b)(1) . . ., dismissals . . . on the basis of quasi-judicial immunity are done pursuant to Rule 12(b)(6)"[1] (citing Capogrosso v. Supreme Ct. of N.J., 588 F.3d 180, 185 (3d Cir. 2009); Keystone Redevelopment Partners, LLC v. Decker, 631 F.3d 89, 94, 101 (3d Cir. 2011), 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1350 (West 2024))); Shepherd v. Ferman, Civ. A. No. 25-6105, 2025 WL 3706608, at *2 (E.D. Pa. Dec. 22, 2025) (stating that judges' assertions of judicial immunity "'should be considered as [ ] motion[s] to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted'" (alterations in original) (quoting Harr, 2024 WL 4064139, at *7).[2]

---

[1] Quasi-judicial immunity "protects a 'range of judicial actors,' including those who make judgments 'functionally comparable' to judges.'"  Constantine, 2024 WL 1988829, at *4 (quoting Russell v. Richardson, 905 F.3d 239, 247 (3d Cir. 2018)).

[2] We recognize that some courts in this Circuit have dismissed claims barred by judicial immunity pursuant to Rule 12(b)(1) rather than pursuant to Rule 12(b)(6).  See, e.g., Talley v. Pa. Dep't of Corr., Civ. A. No. 19-1589, 2024 WL 1253626, at *23 (E.D. Pa. Mar. 21, 2024) (dismissing claims asserted against a federal judge pursuant to Rule 12(b)(1) because those claims

Nonetheless, while the Government may have moved pursuant to the wrong subsection of Rule 12(b), it is clear that the Judge is entitled to judicial immunity with respect to the claims for declaratory and injunctive relief brought against her in her official capacity. See Azubuko, 443 F.3d at 304. We thus grant the Motion to Dismiss with respect to Plaintiff's claims for injunctive and declaratory relief against the Judge in her official capacity pursuant to Rule 12(b)(6), and we dismiss those claims without prejudice to Plaintiff's ability to seek available and appropriate relief on appeal in the Fidelity Action as the Government has requested.

BY THE COURT:

/s/ John R. Padova

_____

John R. Padova, J.

---

were barred by judicial immunity). However, the weight of authority, cited above, supports the conclusion that such claims should be brought pursuant to Rule 12(b)(6).