IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHARISSE J. FILUS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| JUDGE GAIL A. WEILHEIMER | : | NO. 26-1652 |

**ORDER-MEMORANDUM**

**AND NOW**, this 5th day of August, 2026, upon consideration of the "Motion to Dismiss Individual-Capacity Claims Against Defendant Judge" (Docket No. 21) and all documents filed in connection therewith, the Motion is **GRANTED** and this action is **DISMISSED WITH PREJUDICE**.

## I. BACKGROUND

Plaintiff Sharisse J. Filus filed this civil rights action naming Judge Gail A. Weilheimer as the Defendant. Plaintiff's claims are based on Judge Weilheimer's adjudication of Filus's earlier lawsuit, Filus v. Fidelity Investments, Inc., Civil Action No. 25-3176 (E.D. Pa.). Stated briefly, Filus's new case asserts that Judge Weilheimer acted improperly in Fidelity Investments, Inc. by ordering her *sua sponte* to produce a copy of a trust instrument at issue in that case; refusing to rule on her protective orders, objections, and dispositive motions; and requiring her to obtain counsel because she sought to represent the interests of the trust *pro se*. (Compl. at 2-3.) Filus asserts that her First Amendment, due process, equal protection, privacy, and property rights were violated. (Id. at 4.) She asserts that Judge Weilheimer is not entitled to judicial immunity and asks for money damages, a declaration that her rights were violated, injunctive relief, and a disciplinary referral. (Id. at 5.)

## II. LEGAL STANDARD

Defendant has moved to dismiss the individual capacity claims[1] asserted against her in the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). When we apply Rule 12(b)(6), we "consider only the complaint, exhibits attached to the complaint, [and] matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon [those] documents." Alpizar-Fallas v. Favero, 908 F.3d 910, 914 (3d Cir. 2018) (quoting Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010)). "A complaint is properly dismissed for failing to state a claim 'if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that [the] plaintiff's claims lack facial plausibility.'" Talley v. Pillai, 116 F.4th 200, 206 (3d Cir. 2024) (alteration in original) (quoting Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011)). The complaint must allege "'sufficient factual matter to show that the claim is facially plausible,' thus enabling 'the court to draw the reasonable inference that the defendant is liable for [the] misconduct alleged.'" Warren Gen. Hosp., 643 F.3d at 84 (quoting Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Since Plaintiff is proceeding pro se, we construe the Amended Complaint "liberally and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'" Kalu v. Spaulding, 113 F.4th 311, 325 (3d Cir. 2024) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)) (citing Durham v. Kelley, 82 F.4th 217, 223 (3d Cir. 2023)).

---

[1] We dismissed the official capacity claims asserted against Defendant on June 11, 2026. (See Docket No. 19.)

## III. DISCUSSION

Defendant asks us to dismiss the claims against her because she is absolutely immune from claims for civil damage for her judicial acts and the Amended Complaint fails to allege that she engaged in anything other than judicial acts. Judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. See Stump v. Sparkman, 435 U.S. 349, 355-56 (1978) (citation omitted); Harvey v. Loftus, 505 F. App'x 87, 90 (3d Cir. 2012) (*per curiam*) (citations omitted); Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006) (*per curiam*) (citation omitted). An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." Gallas v. Supreme Ct. of Pa., 211 F.3d 760, 768 (3d Cir. 2000) (quotations omitted). Moreover, "[g]enerally . . . 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'" Figueroa v. Blackburn, 208 F.3d 435, 443-44 (3d Cir. 2000) (quoting Barnes v. Winchell, 105 F.3d 1111, 1122 (6th Cir. 1997)). Because judges must feel free to act without fear of incurring personal liability for their actions in court, judicial immunity remains in force even if the actions are alleged to be legally incorrect, in bad faith, malicious, or corrupt, Mireles v. Waco, 502 U.S. 9, 11-12 (1991) (citations omitted), or are taken as a result of a conspiracy with others, Dennis v. Sparks, 449 U.S. 24, 27 (1980).

Although judicial immunity previously applied only to damages claims, "[i]n 1996, Congress amended 42 U.S.C. § 1983 to provide also that 'injunctive relief shall not be granted' in an action brought against 'a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable.'" Azubuko, 443 F.3d at 303-04 (second alteration in original) (quoting § 1983) (citation omitted); see also Brandon E. ex rel. Listenbee v. Reynolds, 201 F.3d 194, 197-98 (3d Cir. 2000) (observing

that the 1996 amendment "implicitly recognizes that declaratory relief is available in some circumstances, and then limits the availability of injunctive relief to circumstances in which declaratory relief is unavailable or inadequate"). In the context of judicial defendants, the United States Court of Appeals for the Third Circuit has explained that "a judge who acts as a neutral and impartial arbiter of a statute is not a proper defendant to a Section 1983 suit challenging the constitutionality of the statute." Allen v. DeBello, 861 F.3d 433, 440 (3d Cir. 2017). "However, a judge who acts as an enforcer or administrator of a statute can be sued under Section 1983 for declaratory or (if declaratory relief is unavailable) injunctive relief." Id. (citations omitted).

Filus argues, without any citation to authority, that once she filed a motion asking Judge Weilheimer to recuse in Fidelity Investments, Inc., see Filus v. Fidelity Investments, Inc., Civ. A. No. 25-3176, (Docket No. 70), Judge Weilheimer's jurisdiction over that case was constitutionally and statutorily suspended and her continued exercise of authority over the case was taken in the absence of jurisdiction. We have, however, been unable to locate any authority that supports Filus's argument and we find it unpersuasive. Moreover, contrary to Filus's assertions in the Amended Complaint and arguments in her Comprehensive Opposition to the Motion to Dismss, Judge Weilheimer is clearly immune from damages and injunctive relief, and Filus's claim for declaratory relief is not plausible.

Filus's claims for money damages are all based on Judge Weilheimer's judicial acts in presiding over Fidelity Investments, Inc., a case over which she clearly had jurisdiction to act. Her claim for injunctive relief is barred by the 1996 amendment to § 1983 since the requested injunction relates to Judge Weilheimer's actions as a judge, rather than as an administrator. Her claim for declaratory relief is improper since declaratory relief is unavailable to adjudicate past conduct. See Corliss v. O'Brien, 200 F. App'x 80, 84 (3d Cir. 2006) (*per curiam*) ("Declaratory

judgment is inappropriate solely to adjudicate past conduct" and is also not "meant simply to proclaim that one party is liable to another." (citations omitted)); see also Andela v. Admin. Office of U.S. Courts, 569 F. App'x 80, 83 (3d Cir. 2014) (*per curiam*) ("Declaratory judgments are meant to define the legal rights and obligations of the parties in the anticipation of some future conduct." (citation omitted)); Taggart v. Saltz, 855 F. App'x 812, 815 (3d Cir. Mar. 30, 2021) (*per curiam*) ("A declaratory judgment is available to define the legal rights of the parties, not to adjudicate past conduct where there is no threat of continuing harm." (citation omitted)).

## IV. CONCLUSION

For these reasons, we grant the Motion to Dismiss Plaintiff's Individual-Capacity Claims. No leave to amend will be granted since any attempt to amend would be futile. Grayson v. Mayview State Hosp., 293 F.3d 103, 108, 110 (3d Cir. 2002). Since we have previously dismissed Plaintiff's official capacity claims against Defendant with prejudice, we dismiss the Amended Complaint in its entirety with prejudice. An appropriate Order will be entered separately. Fed. R. Civ. P. 58(a).

BY THE COURT:

/s/ John R. Padova

John R. Padova, J.